**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ZACHARY DANIEL BURCH,<br><br>Movant,<br><br>vs.<br><br>XACTUS LLC,<br><br>Respondent. | Case No.: 2:26-mc-00096<br><br>**PLAINTIFF'S MOTION TO COMPEL XACTUS, LLC'S COMPLIANCE WITH SUBPOENAS**<br><br>**Underlying Action:** Burch, Zachary Daniel v. Equifax Information Services, LLC et al, Case No. 1:26-cv-00155-HAB-ALT (Northern District of Indiana) |

Zachary Daniel Burch ("Movant"), by and through the undersigned counsel, moves to compel Xactus LLC, ("Xactus") compliance with a properly served federal subpoena issued by the United States District Court for the Eastern District of Pennsylvania, Case No. 1:26-cv-00155-HAB-ALT (the "Underlying Case") and pursuant to Fed. R. Civ. P. 45.

In support of his Motion, Plaintiff relies on the accompanying Memorandum of Law and supporting declarations and exhibits. For the reasons articulated in the supporting Memorandum, Plaintiff respectfully requests that the Court grant its Motion To Compel Compliance with Subpoenas and An Order For Xactus LLC To Show Cause Why It Should Not Be Held In Contempt.

## I. INTRODUCTION

Xactus has failed to appear or in any way respond to a properly served federal subpoena and has refused to participate in good-faith third-party discovery under Rule 45. Therefore, Plaintiff now moves to compel Xactus' compliance with the properly served subpoena and further moves for an order to show cause why Xactus should not be held in Contempt.

## II. RELEVANT FACTUAL BACKGROUND

The Plaintiff commenced the instant action on March 3, 2026, in the United States District Court for the Northern District of Indiana alleging violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681, et seq., arising out of a credit report ("consumer report") that Defendant published to Plaintiff's potential mortgage lender, among other third parties, which included a collection account that did not belong to Plaintiff. *See* generally [Dkt. No. 1, the "Complaint"] Plaintiff's mortgage broker obtained his consumer reports from the credit-reporting defendants on or about December 17, 2025. *Id.* at ¶ 56.The reports were pulled to determine Plaintiff's eligibility for a home loan. *Id.*

On December 17, 2025, the credit-reporting defendants published consumer reports about Plaintiff to the mortgage broker that included a collection account that did not belong to Plaintiff. *Id.* at ¶ 58. Plaintiff was notified on or about December 17, 2025 that his mortgage application was denied as a direct result of the collection account reported about him. *Id.* at ¶ 76.

## III. DISCOVERY DISPUTE

To obtain the report at the center of that dispute, on July 15, 2026, Plaintiff served a Federal Rule 45 subpoena to produce documents on non-party Xactus, LLC. *See* Exhibit A (Xactus Subpoena Packet). Xactus's response confirms that it is a consumer reporting agency and reseller and that its client, Ruoff Mortgage Company, Inc., pulled credit reports on Plaintiff in the relevant time frame, "including on 12/17/2025." *See* Exhibit B (Xactus Subpoena Response Letter at 1). Xactus's letter refers to "the credit report(s) that we have on file." *Id*.

By the letter dated July 31, 2026, Xactus declined to release the report(s) absent "authorization from the consumer, a court order, or a subpoena issued in connection with proceedings before a federal grand jury," citing Section 604 of the Fair Credit Reporting Act. *Id*.

Plaintiff Xactus's offices are located in Broomall, Pennsylvania, within this District. *Id*. The underlying Fair Credit Reporting Act action, from which the subpoena issued, is pending in the United States District Court for the Northern District of Indiana.

## IV. LEGAL STANDARD

### a. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and provides that information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26. Although the discovery rules are construed liberally, the scope of discovery is not unlimited. *Fassett v. Sears Holdings Corp.*, 319 F.R.D. 143, 149 (M.D. Pa. 2017). Discovery responses must comport with traditional notions of relevancy and must not

impose an undue burden on the responding party, *Id.* and the concept of relevance is tempered by principles of proportionality. *Id.*

Rule 26 allocates the burden of proof between the parties. The party seeking discovery "bears the initial burden of demonstrating the requested discovery is relevant to its claim or defense." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013). Once that showing is made, the party resisting discovery bears the burden to establish a lack of relevance by demonstrating either that the discovery does not come within Rule 26(b)(1)'s broad scope or that it is of such marginal relevance that the potential harm would outweigh the ordinary presumption in favor of broad disclosure. *Id.* at 383. Proportionality, in turn, requires the court to weigh "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26.

**b. <u>Federal Rule of Civil Procedure 45</u>**

Rule 45 authorizes a subpoena commanding a nonparty to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45. A command to produce "requires the responding person to permit inspection, copying, testing, or sampling of the materials." *Id.* Rule 45 "is the only discovery method whereby information may be obtained from a nonparty to the suit." *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005).

The reach of a Rule 45 subpoena is measured by Rule 26. "A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P.

26(b)(1)." *Green v. Cosby*, 314 F.R.D. 164 (E.D. Pa. 2016). Rule 45 accordingly permits a party to issue a subpoena to nonparties to obtain discovery within the scope of Rule 26. *NRA Grp., LLC v. Durenleau*, 340 F.R.D. 94, 97 (M.D. Pa. 2021). The subpoenaing party must first "demonstrate that its requests fall within the general scope of discovery defined in Rule 26(b)(1)," after which "the burden shifts to the party opposing the subpoena to establish that Rule 45(d)(3) provides a basis to quash the subpoena." *Green v. Cosby*, 314 F.R.D. at 169. The party issuing the subpoena "bears the burden of establishing that the materials sought are within the scope of permissible discovery." *NRA Grp., LLC v. Durenleau*, 340 F.R.D. at 98.

Relevance alone does not guarantee production. A court must evaluate whether a subpoena is limited to information that is relevant and proportional under Rule 26(b)(1) or whether the issuing party is instead embarking on a fishing expedition. *Id.* Even where the information sought is relevant, production is not required where no need is shown, where compliance would be unduly burdensome, or where the potential harm caused by production outweighs its benefit. *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d at 383.

## V. ARGUMENT

### a. Xactus Should Be Compelled to Respond to Plaintiff's Subpoena To Produce

Federal Rule of Civil Procedure 45 permits discovery from nonparties within the scope of Rule 26(b)(1). *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021). Although courts require a stronger showing of relevance for nonparty discovery, such discovery is appropriate where the requested information is relevant to the claims and proportional to the needs of the case. *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 240, 252 (E.D. Pa. 2014). Once relevance is established, the burden shifts to the subpoenaed nonparty to demonstrate why production should not be required. *Id*. at 239.

Here, Plaintiff seeks the consumer credit reports Xactus furnished to Ruoff Mortgage Company, Inc. ("Ruoff Mortgage") in connection with Plaintiff's mortgage preapproval application. The requested reports are directly relevant to Plaintiff's claim under 15 U.S.C. § 1681e(b), which requires evidence that an inaccurate consumer report was furnished to a third party. See *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 645 (S.D. Ala. 2007). To establish liability, Plaintiff must demonstrate that the inaccuracy resulted from the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy. *Montelongo v. Trans Union, LLC*, 308 F.R.D. 132, 133 (E.D. Pa. 2015) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010)).

The reports sought concern the very transaction underlying Plaintiff's claims and damages. On December 17, 2025, the CRA Defendants allegedly published consumer reports containing a ProCollect collection account that did not belong to Plaintiff, but rather another consumer, Zachary Michael Burch. Ex.A ¶¶ 58, 63, 66. Plaintiff alleges that the inaccurate reporting resulted in the denial of his mortgage application. Ex.A ¶ 76. The requested reports will establish what information was furnished to Ruoff Mortgage and whether the disputed account appeared in the reports at the time of publication. *See Montelongo*, 308 F.R.D. at 133 (recognizing the relevance of mixed-file discovery to claims concerning a consumer reporting agency's procedures).

Xactus has acknowledged that Ruoff Mortgage obtained credit reports concerning Plaintiff during the relevant period, including on December 17, 2025. (Ex.B) Xactus Subpoena Response Letter at 1). Xactus further referred to the "credit report(s) that we have on file," indicating that it maintains reports concerning Plaintiff. *Id*. Although Xactus suggested that Plaintiff obtain the information from Ruoff Mortgage, that suggestion does not eliminate Plaintiff's need for the

reports maintained by Xactus, which would establish the information furnished in connection with the mortgage transaction.

The requested discovery is also proportional to the needs of the case. Courts consider the relevance of the information, the requesting party's need, the breadth and particularity of the request, the burden imposed, and the recipient's nonparty status. *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. at 252; *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d at 501. Here, Plaintiff seeks a limited set of identifiable credit reports relating to a specific mortgage transaction. Xactus has acknowledged the existence of reports from the relevant period and has not asserted that production would impose an undue burden. *See* Exhibit B (Xactus Subpoena Response Letter at 1). Accordingly, the relevance and proportionality of the requested discovery weigh in favor of compelling production.

Upon information and belief, as well, Xactus has also produced credit reports in similar cases with the undersigned firm as a result of third-party subpoena discovery. For some unknown reason, Xactus withholds this specific report for Plaintiff.

Xactus instead relies on the Fair Credit Reporting Act ("FCRA") to justify withholding the requested reports. In its July 31, 2026 correspondence, Xactus asserted that it could not furnish the reports because Plaintiff's subpoena was not issued in connection with a federal grand jury proceeding. *See* Exhibit B (Xactus Subpoena Response Letter at 1). However, § 1681b(a)(1) expressly authorizes a consumer reporting agency to furnish a consumer report "[i]n response to the order of a court having jurisdiction to issue such an order." 15 U.S.C. § 1681b(a)(1). This authorization is separate from the provision permitting disclosure pursuant to a federal grand jury subpoena. *Id.*

Courts addressing civil subpoenas directed to consumer reporting agencies have recognized that an order compelling compliance satisfies § 1681b(a)(1). *See Bumpus v. Nat'l Credit Sys., Inc.*, No. 1:16-CV-01209-TWT-JFK, 2017 WL 3837150, at *1 (N.D. Ga. Jan. 31, 2017) (granting a motion to compel compliance with a subpoena directed to a consumer reporting agency); *In re Grand Jury Subpoena Duces Tecum Concerning Credit Bureau, Inc. of Georgia*, 498 F. Supp. 1174, 1177 (N.D. Ga. 1980). Although a subpoena issued without judicial approval does not itself constitute a court order under § 1681b(a)(1), an order compelling production provides the judicial authorization contemplated by the statute. *See In re Grand Jury Subpoena to Credit Bureau of Greater Harrisburg*, 594 F. Supp. 229, 231 (M.D. Pa. 1984).

Thus, Xactus's reliance on the absence of a federal grand jury subpoena does not preclude production pursuant to a court order. Indeed, Xactus expressly acknowledged that it would release the reports upon receipt of a court order or consumer authorization. *See* Exhibit B (Xactus Subpoena Response Letter at 1). Because the requested reports are relevant and proportional to Plaintiff's claims, and because § 1681b(a)(1) authorizes disclosure pursuant to a court order, Xactus should be compelled to produce the responsive reports within its possession, custody, or control.

## b. CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court grant Plaintiff's motion in full thereby directing Xactus to produce documents within fourteen (14) days of this Court's Order.

.

Dated: October 29, 2026,

/s/Garrett Symington
Garrett Symington – PA Bar No.# 338796

CONSUMER JUSTICE LAW FIRM PLC
8095 N. 85th Way
Scottsdale, AZ 85258
T: (602) 898-1050
E: gsymington@consumerjustice.com

*Attorneys for Movant,*
*Zachary Daniel Burch*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Notice of such filing will be sent to all attorneys of record in this matter. Since the attorney of record has not appeared in this case, hard copies of the foregoing will be sent to the Defendant at their service address:

Xactus, LLC
370 Reed Rd, Ste 100
Broomall, PA 19008

/*s/ Garrett Symington*